829 F.2d 38
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter AARON, Plaintiff-Appellant,
v.
Perry JOHNSON, Dale Foltz, Jamrog, Anthony Palmer, John
Yarborough, Stephen and Edward Painter, Defendants-Appellees
 No. 87-1206
 United States Court of Appeals, Sixth Circuit.
 September 15, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se Michigan prisoner appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint for failure to state a claim. In his complaint, he alleged that the defendants failed to protect him from an assault by other inmates. He further claimed that this violated his rights under the eighth amendment, and he requested monetary relief.
 
 
 3
 Upon review, we conclude that the district court acted properly. In cases involving an assault by another inmate, the plaintiff must show gross negligence or deliberate indifference by the defendant to the plaintiff's risk of injury. Stewart v. Love, 696 F.2d 43, 44 (6th Cir. 1982) (per curiam). Mere negligence on the part of the defendants is not sufficient to state an eighth amendment claim. Id.
 
 
 4
 Plaintiff's allegation that the defendants failed to adequately respond to a grievance in which he alleged that a Housing Unit Officer threatened and harassed him does not meet this standard. From the complaint, it is clear that the assault occurred several months after the grievance was filed. More importantly, the plaintiff does not allege that the officer assaulted him, or that the officer was connected with the assault in any manner. Rather, the plaintiff states that other inmates assaulted him. Therefore, even if the defendants were informed of the officer's threat, they were not aware of any other danger to the plaintiff's safety. Thus, they did not show gross negligence or deliberate indifference to the plaintiff's risk of injury from assault by other inmates.
 
 
 5
 The plaintiff's allegation that the prison was understaffed, and therefore, an assault was more likely to occur, must also fail. At most, this allegation shows negligence by the defendants.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.